PROB 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
for
## MIDDLE DISTRICT OF PENNSYLVANIA

U.S.A. vs. <u>Darlene Hosler</u>         Docket No. <u>1:CR-01-171-001</u>

## Petition on Probation and Supervised Release

COMES NOW _____<u>Stephen F. Leahey</u>_____ PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of <u>Darlene Hosler</u> who was placed on probation by the Honorable <u>William W. Caldwell</u> sitting in the court at <u>Harrisburg, PA</u>, on the <u>16th day of November, 2001</u> who fixed the period of Probation at <u>Three years</u>, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

> As a condition of supervision, the defendant shall pay the restitution imposed by this judgment in minimum monthly installments of no less than $125.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS: Mrs. Hosler was ordered to pay restitution in the amount of $14,494.00. She has thus far paid a total of $4,275.00. The defendant appears to have made restitution payments to the best of her ability and in accordance with the special condition of supervision. However, a restitution balance of $10,219.00 remains. Mrs. Hosler has executed an Agreement (attached) regarding the unpaid restitution and has agreed to continue making payments should her term of probation be permitted to expire. During the past two years, Mrs. Hosler has been employed on a full-time basis earning approximately $1,100 per month. The defendant has generally complied with the conditions of supervision, was responsive to the probation officer's guidance, and there does not appear to be a basis for a violation action. Because Mrs. Hosler signed an Agreement to continue paying restitution, it is recommended that her supervised release be permitted to expire. Assistant U.S. Attorney Dennis Pfannenschmidt does not object to the recommendation.

PRAYING THAT THE COURT WILL ORDER that the defendant's term of supervised release be permitted to expire on November 15, 2004, without further action of the Court.

ORDER OF COURT

Considered and ordered this _4th_ day of _November_, 2004 and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

Respectfully,

_____
Stephen F. Leahey
U.S. Probation Officer

Place   Harrisburg, PA
Date    November 4, 2004

FILED
HARRISBURG, PA

NOV 4 2004

MARY E. D'ANDREA, CLERK
Per _____ Clerk

UNITED STATES DISTRICT COURT
FOR The MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:CR-01-171-001 |
| : | |
| Darlene Hosler : | |

AGREEMENT REGARDING UNPAID RESTITUTION

The following agreement is entered into by Darlene Hosler, defendant in the above-captioned case, in recognition of her obligation to the victim to whom restitution is owed based upon the offense charged at the above-captioned number and the judgment and commitment entered by the District Court in the above-captioned case. In recognition of these obligations, and fully intending to be legally bound, the defendant acknowledges and agrees as follows:

1. On November 16, 2001, the defendant was sentenced based on her conviction at the above-captioned criminal number and directed by United States District Judge William W. Caldwell, as a condition of probation, to make restitution in the amount of $14,494 to the Social Security Administration, Debt Management Section, Attention: Court Refund, P.O. Box 2861, Philadelphia, PA 19122, SSA Claim No. 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.

2. The defendant acknowledges that she has failed to comply with the restitutionary portion of the Court's sentence and that she presently owes the victim $10,219.

3. The United States Probation Office has determined that in consideration of the defendant agreeing to fulfill her restitutionary obligation under the above-described sentence, consideration will be given to allowing the defendant's period of

probation to expire as originally set by the Court. The defendant realizes that her failure to pay the above restitution obligation could form a basis for the revocation of probation and re-sentencing by the District Court.

4. Based on the above, and in consideration of forbearance on immediate execution upon assets owned by the defendant, the defendant hereby agrees to make restitution payments of $125.00 through the Clerk, U.S. District Court, P.O. Box 983, Harrisburg, PA 17108, in the total amount of $10,219, said payments to be made on a monthly basis between the first and fifteenth day of each month. Additionally, the defendant agrees, should her personal finances improve, to increase the monthly payments accordingly. Further, the defendant agrees that if she moves from her residence at 215 Milford St., P.O. Box 86, Port Royal, PA 17082 that she will notify the Clerk, U.S. District Court.

5. The defendant further agrees and confesses judgment for the total unpaid restitution in the amount of $10,219 to the Social Security Administration and authorizes them and their attorney, to enter judgment against her for said amount in any appropriate court for the full amount. It is the defendant's intention that she be bound by this confession of judgment and that judgment be entered pursuant to Rule 2951(a) of the PA Rules of Civil Procedure.

_____
Defendant

_____
Witness

Sworn to and subscribed before
me this 28th day of
Oct, 2004.

_____
Deputy Clerk